IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ELAINE B. JONES | \* |
| | \* |
| v. | \*   Civil No. JKS 15-2096 |
| | \* |
| SHOPPERS FOOD WAREHOUSE CORP. | \* |
| | \* |

**MEMORANDUM OPINION**

Presently pending is Defendant's Motion for Summary Judgment. ECF No. 15. The issues have been fully briefed and no hearing is necessary. Local Rule 105.6. For the reasons set forth below, Defendant's motion will be granted.

1. **Background.**

The following facts are both undisputed and construed in the light most favorable to Plaintiff. On June 11, 2012, Plaintiff, Elaine B. Jones, and her niece, Tara Anderson, entered a Shoppers Food Warehouse store in Capitol Heights, Maryland. ECF No. 2 at 2; ECF No. 15-2 at 3. After about ten minutes, they walked towards the cereal aisle where they encountered a stack of boxes that blocked the entrance to the aisle. ECF No. 15-2 at 2-3. As Plaintiff pushed her shopping cart around the boxes, she slipped and fell on a yellow caution sign that was lying flat on the floor. *Id.* A store manager who had been stacking boxes beside the spot of Plaintiff's fall assisted Plaintiff, apologized, and told Plaintiff that the sign should not have been lying on the floor. *Id.* at 9-11. No one knows how the sign was tipped over or how long it was lying flat on the floor. ECF No. 15-2 at 7, 9. On July 17, 2015, Plaintiff filed a negligence claim alleging that, *inter alia*, Defendant breached its duty to maintain its premises in a reasonably safe condition. ECF No. 2.

2. **Standard of Review.**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is

appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 343, 347 (1986). "For purposes of summary judgment, a fact is material if, when applied to the substantive law, it affects the outcome of the litigation." *Nero v. Baltimore Cnty., MD*, 512 F. Supp. 2d 407, 409 (D. Md. 2007) (citing *Anderson*, 477 U.S. at 248). "Summary judgment is also appropriate when a party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Laura Campbell Trust v. John Hancock Life Ins. Co.*, 411 F. Supp. 2d 606, 609 (D. Md. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

A party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 248-49. "When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." *Bertrand v. Children's Home*, 489 F. Supp. 2d 516, 518 (D. Md. 2007) (citing Fed. R. Civ. P. 56(e)). "The facts, as well as the justifiable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party." *Id.* at 518-19 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "The court, however, cannot rely upon unsupported speculation and it has an affirmative obligation to prevent factually unsupported claims and defenses from proceeding to trial." *Id.* at 519 (citing *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

**3. Discussion.**

"[A] proprietor of a store owes a duty to his customers to exercise ordinary care to keep the premises in a reasonably safe condition, and he will be held liable for injuries sustained by a customer in consequence of his failure to do so." *Moulden v. Greenbelt Consumer Servs., Inc.*, 239 Md. 229, 231-32 (1965).[1] However, a proprietor is not held to be an "insurer of the safety of his customers while they are on the premises and no presumption of negligence on the part of the owner arises merely from a showing that an injury was sustained in the store." *Id.* "The evidence must show not only that a dangerous condition existed, but also that the proprietor 'had actual or constructive knowledge of it, and that that knowledge was gained in sufficient time to give the owner the opportunity to remove it or to warn the invitee.'" *Maans v. Giant of Md., L.L.C.*, 161 Md. App. 620, 629 (2005); *Rehn v. Westfield Am.*, 153 Md. App. 586, 593 (2003) (quoting *Keene v. Arlan's Dep't Store of Baltimore, Inc.*, 35 Md. App. 250, 256 (1977)). Thus, a proprietor is liable in a slip-and-fall claim for physical harm only if he:

> 1. Knew, or through exercise of reasonable care would have discovered the condition and realized that it involved an unreasonable risk of harm to its invitees;
> 2. Expected that they would not discover or realize the danger, or would fail to protect themselves against it; and
> 3. Failed to exercise reasonable care to protect them against that danger.

*Maans*, 161 Md. App. at 626; RESTATEMENT (SECOND) OF TORTS § 343 (1965). When there is no evidence of a defendant's actual knowledge of the dangerous condition, the plaintiff must show that the condition existed for a sufficient time to establish constructive knowledge. *Joseph v. Bozzuto Mgmt. Co.*, 173 Md. App. 305, 316 (2006). Such evidence, known as "time on the floor" evidence, is relevant to establish the level of care exercised by Defendant.

Here, Plaintiff claims that a reasonable jury could conclude that Defendant had actual knowledge of the dangerous condition because Plaintiff testified that the sign was "right beside"

---

[1] Maryland substantive law applies in this diversity action.

a manager "while he was putting the boxes out—while he was clearing out the boxes." ECF No. 17-1 at 4.  However, the close proximity of a manager to a dangerous condition is not in itself sufficient to establish actual knowledge of a dangerous condition.  *See Konka v. Wal-Mart Stores*, 1998 U.S. App. LEXIS 1093, *10 (4th Cir. Md. Jan. 26, 1998) ("The mere fact that the lawn and garden department manager and an employee at the nearby counter were in close proximity to the wet spot is not in itself sufficient to establish any kind of notice."); *Lusby v. Baltimore Transit Co.*, 195 Md. 118, 122-23 (1950) (despite the fact that a wet foreign substance was "located at a point on the bus close to the chauffeur in charge of operating the bus, and was plainly visible to him, had he looked at the spot where the foreign substance was located," the court affirmed the dismissal of the slip and fall claim because there was no evidence that the driver actually saw the substance or that it was there long enough for the driver to be deemed to have constructive notice of it.).  Plaintiff has failed to show that Defendant had actual notice of the dangerous condition.

With regard to constructive notice, Plaintiff's argument is the same: Defendant had constructive knowledge of the dangerous condition because "the sign was on the floor next to the manager while he was working in the aisle clearing the boxes."  ECF No. 17-1 at 5.  According to Plaintiff, "[a] reasonable jury could find that the store manager knew, or should have known that the sign was beside him had he exercised reasonable care."  *Id.* at 5-6.  Plaintiff's contention fails because she has not produced any evidence showing that the dangerous condition existed for a sufficient amount of time to establish constructive knowledge.

In *Maans*, the plaintiff was shopping at a Giant store and slipped and fell.  161 Md. App. at 623.  Although she did not see anything on the floor before or after her fall, she recalled hearing an assistant manager tell a man standing nearby "to get up all the water off the floor."

*Id.* at 624. The appellate court affirmed the grant of judgment in favor of the storeowner because the plaintiff "had failed to prove that Giant had either constructive or actual pre-injury notice of the wet floor." *Id.* at 623. In terms of constructive knowledge, the plaintiff did not meet her burden of showing how long the dangerous condition had existed:

> Appellant failed to produce any evidence that had Giant made reasonable inspections prior to the accident it would have discovered the water on the floor in time to prevent the accident. For all that was shown by appellant, the water could have been spilled by a customer seconds before her fall. This is fatal to her argument that Giant is liable because it breached its duty to make reasonable inspections. *See Burkowske*, 50 Md. App. at 523 n.7 (To prove liability, an invitee must show that if the owner/occupier had made reasonable inspections, the defect would have been discovered in time to prevent the invitee's injury.). *See also Deering Woods*, 377 Md. at 267-68 (to show constructive knowledge, invitee must demonstrate that defective condition existed long enough to permit one under a duty to inspect to discover the defect and remedy it prior to the injury).

*Id.* at 632-33. The court explained that this "time on the floor" rule has two purposes:

> (1) it requires a demonstration of how long the dangerous condition existed prior to the accident so that the fact-finder can decide whether the storekeeper would have discovered it if he or she had exercised ordinary care; and (2) it also shows that the interval between inspections was at least as long as the time on the floor. Thus, proof of time on the floor is relevant, not only as to notice but also as to the issue of what care was exercised. [Citation omitted.]
>
> Doing away with the requirement that the invitee must prove how long the dangerous condition existed pre-injury is the functional equivalent of doing away with the requirement that the plaintiff prove that the defendant's negligence was the proximate cause of the plaintiff's injury. This case illustrates that point. Without "time on the floor" evidence, the storekeeper would be potentially liable even though there is no way of telling whether there was anything Giant could have done that would have avoided the injury.

*Id.* at 639-40.

In *Joseph*, the plaintiff slipped and fell on an oily substance on a stairwell landing. 173 Md. App. at 310. The court upheld summary judgment in the defendant's favor because the plaintiff's "testimony shed no light either 1) on how long the oily substance had been on the floor or 2) on any actual or constructive knowledge on the part of the appellees." *Id.* at 318.

In *Moulden*, the plaintiff sustained injuries from slipping on a bean on the store floor. 239 Md. at 231. The court upheld the trial court's directed verdict in favor of the store, concluding that "it would be unreasonable to hold that it is [the proprietor's] duty to conduct a continuous inspection tour of the store." *Id.* at 233. The court emphasized that the plaintiff "did not see the bean before she slipped" and that "[t]he bean may have fallen from a grocery cart a few moments before she walked up the aisle." *Id.* Thus, a jury could not reasonably infer that a sufficient amount of time had passed to put the employees on notice to remove the bean or warn the appellant in time to prevent the fall.

Similarly here, there is no evidence showing how long the sign was lying on its side. As in *Moulden*, the dangerous condition that caused the plaintiff to fall could have been caused by a customer only moments before, and thus before a Shoppers' employee could have reasonably been expected to discover it. The evidence presented by Plaintiff is accordingly insufficient to establish that Shoppers had constructive notice of the condition.

**4. Conclusion.**

The Court will grant Defendant's motion for summary judgment.


Date: February 5, 2016                                         /S/
                                                       Jillyn K. Schulze
                                                       United States Magistrate Judge